UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.

AT LAW AND IN ADMIRALTY

KAZIMIERZ SZOSLER and
BERNADETA SZOSLER,
as natural parents and guardians
of DANIEL SZOSLER, a minor,

    Plaintiffs,

vs.

CARNIVAL CORPORATION,
d/b/a CARNIVAL CRUISE LINES,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES (AND DEMAND FOR JURY TRIAL)**

Plaintiffs, KAZIMIERZ SZOSLER and BERNADETA SZOSLER, as natural parents and guardians of DANIEL SZOSLER, a minor, by and through their undersigned counsel, hereby sue the Defendant, CARNIVAL CORPORATION, doing business as Carnival Cruise Lines, and allege:

**JURISDICTION, PARTIES, AND
OTHER ALLEGATIONS COMMON TO ALL COUNTS**

1. This is an action for damages that exceeds $75,000.00, exclusive of attorney's fees, interest, and costs.

2. The Ticket Contract between Plaintiffs and Defendant requires that Plaintiffs file suit in the United States District Court for the Southern District of Florida. Attached is the

1

relevant portion of Contract (Exhibit "A").

3. Plaintiffs are the natural parents and guardians of DANIEL SZOSLER, and all are residents of Oakland Gardens, Queens County, New York.

4. The Defendant, CARNIVAL CORPORATION, doing business as Carnival Cruise Lines (hereinafter "CARNIVAL"), is a corporation doing business in Miami-Dade County, Florida.

5. CARNIVAL's principal place of business is located at or near 3655 NW 87th Avenue, Miami, Dade County, Florida. Pursuant to the contract of passage, Plaintiffs are required to file suit in United States District Court for the Southern District of Florida.

6. At all times material hereto, CARNIVAL owned and/or operated a cruise ship, known as the Carnival GLORY.

7. On or about February 20, 2012, DANIEL SZOSLER was a fare paying passenger aboard the Carnival GLORY, a ship in navigable water.

8. At said time and place, DANIEL SZOSLER, while lawfully on Defendant's cruise ship and a passenger and business invitee on the CARNIVAL GLORY ship, was injured when he tripped and/or slipped and fell on the deck of the CARNIVAL GLORY.

9. CARNIVAL through its new build department, in house engineers, architects, and designers, and others actively participated in the design and construction and chose or participated in choosing the materials such as the type of flooring on the deck where this incident occurred. The cruise line contracted with design firms to design the interior elements, including the decking where this accident occurred, contracted with the shipyard to build this ship, stationed representatives at the shipyard to oversee construction and design elements, and through the contract documents and the relationship as owner had the ultimate ability to accept or reject the design, construction and materials chosen, including but not limited to the decking material on the deck.

10. After installation of the material on this deck, CARNIVAL was made aware of problems with the surface and the unsafe character of the surface. CARNIVAL knew and certainly should have known about the dangerous characteristics of this unexpected elevated

2

LAW OFFICES OF ALAN GOLDFARB, P.A.
100 SOUTHEAST 2ND STREET, 45TH FLOOR, MIAMI, FLORIDA 33131 • TEL (305) 371-3111 • FAX (305) 577-8375

material on the deck.

10. After installation of the material on this deck, CARNIVAL was made aware of problems with the surface and the unsafe character of the surface. CARNIVAL knew and certainly should have known about the dangerous characteristics of this unexpected elevated electrical outlet. This sudden elevation is not appropriate nor is it safe for foot traffic on the deck. CARNIVAL should have altered the material to make it safer.

11. CARNIVAL allowed this unexpected elevation to exist for an extended period of time. CARNIVAL knew or should have known that this unexpected elevated electrical outlet would cause someone to trip over it thus making it extremely dangerous.

## COUNT I
## NEGLIGENCE AGAINST CARNIVAL

12. Plaintiffs hereby adopt and reallege each and every allegation in paragraphs 1 through 11, above.

13. At all times material hereto, CARNIVAL owed a duty to its passengers, generally, and to DANIEL SZOSLER, specifically, to a) operate its cruise ship business in a reasonably safe manner and to maintain its said cruise ship, the Carnival GLORY, in a reasonably safe condition, to include inspecting the outside deck and by exercising reasonable care to keep said decks free from defects and/or conditions that might foreseeably give rise to loss, injury, or damage to its passengers and business invitees, and to b) warn said individuals and others lawfully on the aforementioned cruise ship of any dangerous condition or risk of which Carnival, through its agents, servants and/or employees, either knew, or in the exercise of reasonable care, should have known was present and likely to cause loss, injury, or damage.

14. At all times material hereto, Defendant owed DANIEL SZOSLER a duty to maintain its cruise ship, CARNIVAL GLORY, in a reasonably safe condition and to exercise

3

LAW OFFICES OF ALAN GOLDFARB, P.A.
100 SOUTHEAST 2ND STREET, 45TH FLOOR, MIAMI, FLORIDA 33131 • TEL (305) 371-3111 • FAX (305) 577-8375

reasonable care under the circumstances.

15. At all times material hereto, Defendant owed DANIEL SZOSLER a duty to refrain from actions and/or inactions which would injure DANIEL SZOSLER.

16. At all times material hereto, Defendant owed DANIEL SZOSLER a duty to exercise reasonable care for the safety of its passengers and to inspect its cruise ship, CARNIVAL GLORY.

17. At all times material hereto, Defendant owed DANIEL SZOSLER a duty to warn him and other passengers of any and all dangerous conditions on the subject cruise ship in places where the passenger is invited to, or may reasonably be expected to visit.

18. At all times material hereto, Defendant owed DANIEL SZOSLER a duty to correct and/or repair any and all dangerous conditions that Defendants knew or in the exercise of reasonable care should have known about.

19. Defendant breached its duty owed to DANIEL SZOSLER by negligently failing to maintain subject cruise ship and/or the decks on the subject cruise ship.

20. Defendant breached its duty owed to DANIEL SZOSLER by negligently failing to repair/correct hazardous conditions on the subject cruise ship.

21. Defendant breached its duty owed to DANIEL SZOSLER by negligently failing to warn him of hazardous conditions on the subject cruise ship.

22. Further, At all times material hereto, CARNIVAL, by and through its agents, servants, and/or employees, breached its duty owed to DANIEL SZOSLER, by committing the following negligent acts and/or omissions:

    a. By negligently and/or carelessly failing to operate its cruise ship in a reasonably safe manner, and failing to maintain the deck in a reasonably safe manner, and/or allowing the deck to exist in such a poor state of maintenance that the same was a

LAW OFFICES OF ALAN GOLDFARB, P.A.
100 SOUTHEAST 2ND STREET, 45TH FLOOR, MIAMI, FLORIDA 33131 • TEL (305) 371-3111 • FAX (305) 577-8375

dangerous condition;

b. By failing to implement a proper inspection plan and/or program to make sure the decks were maintained in a reasonably safe condition;

c. By failing to warn its passengers, including DANIEL SZOSLER, of the dangerous condition of the decks when Carnival knew or should have known that the decks were in a dangerous condition;

d. By failing to train its shipboard personnel to properly maintain and/or inspect the decks;

e. By failing to use reasonable care in keeping and maintaining the deck area where DANIEL SZOSLER slipped and fell in a reasonably safe condition;

f. By allowing the dangerous condition in the deck area where DANIEL SZOSLER slipped and fell to remain for an unreasonable length of time;

g. By failing to eliminate the known danger from deck area where DANIEL SZOSLER slipped and fell;

h. By failing to warn DANIEL SZOSLER of the existence of this dangerous condition;

i. By failing to require crew members to wipe down and keep deck areas dry;

j. By failing to timely repair and/or remove the dangerous condition from the deck area where DANIEL SZOSLER slipped and fell;

k. By failing to inspect for and to observe the slippery area of the floor around the pool and bar;

l. By failing to take reasonable measures to repair or modify the deck area where DANIEL SZOSLER slipped and fell;

m. By failing to provide and/or enforce reasonable measures and/or a reasonable

5

100 SOUTHEAST 2ND STREET, 45TH FLOOR, MIAMI, FLORIDA 33131 • TEL (305) 371-3111 • FAX (305) 577-8375

system for the regular and continual monitoring, assessment, and correction of dangerous conditions on the Defendant's vessel;

n. By failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case and allowing negligent method of operations;

o. By failing to change out, alter, treat, modify, and/or otherwise make safe the resin surface which the cruise line knew for an extended period of time before this incident was unreasonably dangerous and unsafe under the circumstances;

p. By allowing an ongoing, recurring, continuous and/or repetitive problem to occur or to remain on the premises which would cause accidents or injuries;

q. By providing negligent maintenance to the area or to the premises;

r. By failing to specify flooring in the design, construction, inspection, and approval process during and after design and construction of the ship which was and is reasonably safe under these circumstances;

s. By failing to report, change, out, or modify the subject flooring after installation in order to make it safe;

t. By choosing and approving a flooring surface for the subject area which was not reasonably safe under the circumstances;

u. By failing to comply with applicable industry standards, statutes, and/or regulations the violation of which is negligence per se and/or evidence of negligence;

v. By failing to otherwise provide its passengers with a safe place to walk;

w. By failing to comply with applicable standards, statutes, and/or regulations the violation of which is negligence per se and/or evidence of negligence;

Law Offices of Alan Goldfarb, P.A.
100 SOUTHEAST 2ND STREET, 45TH FLOOR, MIAMI, FLORIDA 33131 • TEL (305) 371-3111 • FAX (305) 577-8375

  x. Improperly created an unexpected elevation in a passenger walkway;

  y. Improperly attempted to cover an electrical outlet;

  z. Was otherwise negligent in the operation of said cruise ship.

23. The Defendant created a dangerous condition on the subject ship and allowed the dangerous condition to exist thereby causing an incident, on the date referenced above, in which DANIEL SZOSLER, 12 years old, was severely injured.

24. At all times material hereto, Defendant created, knew, or in the exercise of reasonable care should have known, of the existence of these hazardous conditions, and/or the conditions had existed for a sufficient length of time that Defendants knew or should have known of the conditions and could have easily remedied them without the need for creating an additional hazard.

25. At all times material hereto, Defendant failed to have adequate electrical outlets available.

26. The Defendant either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

27. The Defendant had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the size and/or nature of the dangerous condition; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it.

28. In the alternative, notice to the Defendant is not required because the Defendant

7

Law Offices of Alan Goldfarb, P.A.
100 SOUTHEAST 2ND STREET, 45TH FLOOR, MIAMI, FLORIDA 33131 • TEL (305) 371-3111 • FAX (305) 577-8375

(a) engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent methods of operations.

29. The negligent condition was created by the Defendant; and was known to the Defendant; and had existed for a sufficient length of time so that Defendant should have known of it; and was a continuous or repetitive problem thus giving notice to the Defendant.

30. The negligent condition occurred with sufficient regularity so as to be foreseeable by the Defendant, and should have been foreseeable by the Defendant.

31. As a direct and proximate result of Defendant's negligence, DANIEL SZOSLER fell and suffered bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and aggravation of a previously existing condition. The losses are either permanent or continuing in their nature and DANIEL SZOSLER will suffer the losses in the future.

32. As a further direct and proximate result of the negligence of the Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, by and through its staff, employees and/or agents, acting within the course and scope of their employment and/or agency, as hereinabove alleged, resulting in injuries to DANIEL SZOSLER, Plaintiffs, KAZIMIERZ SZOSLER and BERNADETA SZOSLER, as parents of DANIEL SZOSLER, have in the past and will in the future suffer loss of consortium, including, but not limited to, loss of affection, companionship, solace and care from their beloved son.

WHEREFORE, Plaintiffs, KAZIMIERZ SZOSLER and BERNADETA SZOSLER, as natural parents and guardians of DANIEL SZOSLER, a minor, hereby demand judgment for damages, incurred or suffered in the past and which will be incurred or suffered in the future, against the Defendant, CARNIVAL CORPORATION, doing business as Carnival Cruise Lines, in an amount in excess of $75,000.00, exclusive of attorney's fees but inclusive of, interest and

8

Law Offices of Alan Goldfarb, P.A.
100 SOUTHEAST 2ND STREET, 45TH FLOOR, MIAMI, FLORIDA 33131 • TEL (305) 371-3111 • FAX (305) 577-8375

costs, and any and all other damages which the Court deems just or appropriate. Plaintiffs further demand trial by jury of all issues triable as a matter of right by a jury.

DATED this 14 day of February, 2013.

Respectfully submitted,

*[signature]*

Alan Goldfarb, Esq.
Florida Bar No.: 146924
agoldfarb@goldfarbpa.com
**ALAN GOLDFARB, P.A.**
Miami Tower, Suite 4500
100 Southeast Second Street
Miami, Florida 33131
Phone: (305) 371-3111
Fax:    (305) 577-8375

9

LAW OFFICES OF ALAN GOLDFARB, P.A.
100 SOUTHEAST 2ND STREET, 45TH FLOOR, MIAMI, FLORIDA 33131 • TEL (305) 371-3111 • FAX (305) 577-8375